FILED
 2011 Sep-09 PM 04:27
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| LATICIA STANLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 5:11-CV-1583-VEH |
| | ) |
| LAWRENCE COUNTY COMMISSION, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

### Introduction and Procedural History

Plaintiff Laticia Stanley ("Ms. Stanley") initiated this job discrimination case against the Lawrence County Commission (the "Commission") on May 13, 2011. (Doc. 1). Pending before the court is the Commission's Motion to Dismiss (Doc. 4) filed on June 13, 2011. The Commission also filed a supporting brief (Doc. 5) on June 13, 2011, and Ms. Stanley filed her opposition (Doc. 6) to the Motion on July 22, 2011. On July 26, 2011, the Commission followed with its reply.

On August 11, 2011, the magistrate judge recommended that the Motion be granted and that Ms. Stanley's case be dismissed with prejudice. (*See generally* Doc. 9). The case was then reassigned to the undersigned for further proceedings. (Doc.

10). On August 26, 2011, Ms. Stanley filed her objections to the magistrate judge's proposed ruling.

Having carefully considered the materials in the court file, including the report and recommendation and the related briefing, and after conducting a *de novo* review of the record relating to Ms. Stanley's objections, the court is of the opinion that the magistrate judge's report is due to be **ADOPTED**, and his recommendation is due to be **ACCEPTED** as it pertains to Ms. Stanley's § 1981 race discrimination and negligent supervision/training claims. In particular, the court observes that Ms. Stanley consents to the dismissal of these particular counts. (*See* Doc. 11 at 1 (conceding that dismissing counts II and III of her complaint is appropriate)). However, as explained below, the magistrate judge's recommendation on Ms. Stanley's Title VII race discrimination claim is due to be **REJECTED**.

## Overview of Ms. Stanley's Objections

Regarding the concerns raised in her objections, Ms. Stanley generally contends that the magistrate judge erred in prematurely deciding the issue of equitable tolling adversely to her before she "had an opportunity to conduct discovery to establish [whether] equitable tolling should apply." (Doc. 11 at 2). Ms. Stanley also points out that "Ms. King's failure to properly publish the minutes in a timely fashion" at least raises the potential for her to show, after developing the record

further, a deliberate act of concealment on the part of the Commission. (Doc. 11 at 3-4). In terms of relief, Ms. Stanley requests that this court "deny the portion of the Report and Recommendation suggesting dismissal of Count I . . . or, in the alternative, allow Plaintiff leave to amend her Complaint." (Doc. 11 at 5).

## *De Novo* Review Standard

Before the court engages in its own analysis, however, it is important to emphasize that the magistrate judge is not making any <u>final</u> factual determinations or rulings on summary judgment, but rather only providing recommendations. Instead, the undersigned has reviewed *de novo* those portions of the record that relate to the parties' objections and separately and independently determined the correctness of any objected-to findings and recommendations.

This accepted process is set forth statutorily in 28 U.S.C. § 636, which states in part that:

> **(b)(1)** Notwithstanding any provision of law to the contrary–
>
> **(A)** a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may

> reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.
>
> **(B)** <u>a judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A)</u>, of applications for posttrial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement.
>
> **(C)** the magistrate judge shall file his proposed findings and recommendations under subparagraph (B) with the court and a copy shall forthwith be mailed to all parties.
>
> <u>Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court</u>. A judge of the court shall make a *de novo* determination of <u>those portions</u> of the report or specified proposed findings or recommendations <u>to which objection is made</u>. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b) (1) (footnote omitted) (emphasis by underlining added).

Regarding the *de novo* review requirement in particular, the district court's obligation is to independently review those portions of the record to which objections are made, as opposed to reviewing the entire record. *See, e.g., Washington v. Estelle*, 648 F.2d 276, 282 (5th Cir. 1981) ("Both in his brief and at oral argument,

Washington maintains that the District Court erred in reviewing *de novo* only the objected to portion of the magistrate's findings, rather than reviewing the entire record *de novo*.");[1] *id.* ("Based on the language of this order, we are convinced that the District Judge sufficiently complied with the act which requires "'a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'" (citations omitted)).[2]

Additionally, it is incumbent upon the parties to timely raise any objections that they may have regarding a magistrate judge's findings contained in the report and

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

[2] In *Washington*, the district judge's order adopting the magistrate judge's proposed decision stated:

> The Court having considered the Findings and Recommendations of the United States Magistrate filed on September 19, 1979, and the Court further having reviewed and considered the written objections filed by the Petitioner herein on October 2, 1979, and the Court having made a *de novo* review of the objections raised by the Petitioner and the Court being of the opinion that the findings are correct and that the objections are without merit,
>
> IT IS, THEREFORE, ORDERED that the Findings, Conclusions and Recommendations of the United States Magistrate are adopted.

648 F.2d at 282 (emphasis added) (citation omitted).

recommendation as the failure to do so subsequently waives or abandons the issue, even if such matter was presented at the magistrate judge level. *See, e.g., U.S. v. Pilati*, 627 F.3d 1360, 1365 (11th Cir. 2010) ("While Pilati raised the issue of not being convicted of a qualifying offense before the magistrate judge, <u>he did not raise this issue in his appeal to the district court</u>. Thus, <u>this argument has been waived or abandoned</u> by his failure to raise it on appeal to the district court.") (emphasis added).

### Ms. Stanley's § 1981 and Negligence Claims

Ms. Stanley has no objection to the dismissal of her § 1981 and negligence claims. (Doc. 11 at 1 ("Plaintiff agrees with [the] Report in that Count II (Section 1981) and Count III (negligent supervision) should be dismissed under the circumstances of this case.")); *id.* a 1-2 ("Plaintiff cannot provide sufficient facts to create an equitable tolling for either of those t[w]o causes of action.")). Accordingly, the magistrate judge's report and recommendation are due to be **ACCEPTED** and **ADOPTED** pertaining to the dismissal of Ms. Stanley's § 1981 and negligence claims.  Likewise, as to counts II and III, the Motion is due to be **GRANTED**.

### Ms. Stanley's Title VII Claim

The magistrate judge has recommended that Ms. Stanley's Title VII claim be dismissed due generally to her failure to exhaust administrative remedies and more specifically to the untimely filing of her EEOC charge. (Doc. 9 at 3-5). Consistent

6

with the *de novo* standard of review, the undersigned has independently determined that a dismissal of Ms. Stanley's Title VII claim is premature at this time because of the underdeveloped nature of the record.

While the cases cited by the magistrate judge generally address the equitable tolling doctrine, they do not dictate that a Rule 12(b)(6) dismissal is appropriate under the circumstances presented here. *See, e.g., Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990) ("Petitioner urges that his failure to file in a timely manner should be excused because his lawyer was absent from his office at the time that the EEOC notice was received, and that he thereafter filed within 30 days of the day on which he personally received notice."); *Chappell v. Emco Mach. Works Co.*, 601 F.2d 1295, 1297, 1302 (5th Cir. 1979) (concluding on <u>summary judgment record</u> that while "some equitable modification of § 2000e-5(e)'s provisions is possible" the doctrine should not be applied in this particular instance); *Justice v. U.S.*, 6 F.3d 1474, 1475 (11th Cir. 1993) ("The sole question in this case is whether the statute of limitations for actions brought under the Public Vessels Act, 46 U.S.C. App. §§ 781–90 (1988) (PVA), and the Suits in Admiralty Act, 46 U.S.C. App. §§ 741–52 (1988) (SAA), was tolled by appellant Roger Justice's timely filing of a PVA/SAA action which later was dismissed without prejudice."); *Sandvik v. U.S.*, 177 F.3d 1269, 1272 (11th Cir. 1999) ("While the inefficiencies of the United States Postal Service may be a

circumstance beyond Sandvik's control, the problem was one that Sandvik's counsel could have avoided by mailing the motion earlier or by using a private delivery service or even a private courier."); *Jones v. Wynee*, 266 Fed. App'x 903, 906 (11th Cir. 2008) (unpublished opinion) (affirming district court's summary judgment decision not to apply equitable tolling); *Howard v. Intown Suites Management, Inc.*, No. 1:04-CV-759-TWT, 2006 WL 739168, at *1, *2 (N.D. Ga. Mar. 17, 2006) (determining on summary judgment record that "the Defendants did nothing to mislead the Plaintiff; and the Plaintiff could easily have discovered the wrong by calling the Defendants and asking if the person who was hired was of a different race").

Moreover, as to the opinions listed above that were decided without the benefit of a factually developed record, the court finds such authorities to be significantly distinguishable and, as a result, unpersuasive in the context of this case. Thus, the court agrees with Ms. Stanley that she should be allowed to pursue her equitable tolling theory with respect to count I of her complaint and to conduct discovery on the issue of deliberate concealment. Accordingly, the magistrate judge's recommendation regarding the dismissal of Ms. Stanley's Title VII claim is due to be **REJECTED**. Likewise, as to count I, the Motion is due to be **DENIED**.

## Conclusion

Therefore, the recommendation entered by the magistrate judge is due to be **ACCEPTED IN PART** and **REJECTED IN PART**. Similarly, the Commission's Motion is due to be **GRANTED IN PART** and **DENIED IN PART**. The court will enter a separate order consistent with this memorandum opinion.

**DONE** and **ORDERED** this the 9th day of September, 2011.

                                                  **VIRGINIA EMERSON HOPKINS**
                                                  United States District Judge